UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


JTH TAX, INC. d/b/a
LIBERTY TAX SERVICE,
        Plaintiff,

v.
                                                    ACTION NO. 2:11cv66

WILLIAM HOULE,
        Defendant.


**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

      This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference dated June 8, 2011.

      This case was referred for a report and recommendation on Defendant's Motion to Dismiss. ECF No. 21. For the reasons stated herein, the Court recommends that Defendant's Motion to Dismiss be DENIED.

### I.   FACTUAL AND PROCEDURAL HISTORY

      In October, 2006 and March, 2007, Defendant purchased three franchises from JTH Tax, Inc. d/b/a Liberty Tax Service (Liberty). The franchises were located in Riverside and Moreno

Valley, California. On December 23, 2009, Defendant's Liberty franchises were terminated. As a result, Defendant was no longer permitted to use any Liberty trademarks. These trademarks included the use of an "Uncle Sam" costume and the use of the name "Liberty." In 2010, Defendant opened a competing tax service in the previous Liberty offices with the company name of "Bestax." Liberty brought action against Defendant on January 15, 2010 for trademark infringement. Defendant subsequently filed for bankruptcy under Chapter 7 in the Central District of California on March 3, 2010. On May 20, 2010, Plaintiff filed a Notice of Voluntary Dismissal. On January 21, 2011, Defendant re-established his competing tax service concurrently with the annual tax season. This event led to the current action before the Court.

On February 3, 2011, Plaintiff filed a Complaint in this Court against Defendant, alleging trademark infringement. ECF No. 1. On February 14, 2011, a copy of the original summons was returned executed, with a date of February 7, 2011 as the date of execution. ECF No. 9. Defendant filed an informal response to the Complaint on February 18, 2011, which was docketed as an "Answer." ECF No. 10. Subsequently, on March 16, 2011, Defendant appeared in Norfolk, via telephone, for a Rule 16(b) scheduling conference. The Rule 16(b) scheduling order establishing the date for the Final Pretrial Conference was entered on March 17, 2011. ECF No. 14.

On May 17, 2011, Defendant filed a Motion to Dismiss, Memorandum in Support, and Declarations in Support of the Motion to Dismiss. ECF Nos. 21-23. Defendant's Motion to Dismiss asserts a lack of personal jurisdiction and improper venue. On May 31, 2011, Plaintiff filed a Memorandum in Opposition to the Motion to Dismiss. ECF No. 30. The motion was referred to the undersigned on June 8, 2011. ECF No. 35. After considering the above evidence, and for the reasons stated below, this Court recommends that the Motion to Dismiss be denied.

## II. STANDARD OF REVIEW

A Motion to Dismiss for lack of personal jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(2). Personal jurisdiction can be waived if (i) Defendant fails to make a motion under Fed. R. Civ. P. 12(h)(1), or (ii) Defendant does not include the defense in a responsive pleading. See Pusey v. Dallas. Corp., 938 F.2d 498, 501 (4th Cir. 1991). If personal jurisdiction is found to be improper, then the court will dismiss the case.

United States Code section 1391 promulgates venue in civil actions. In a civil action where jurisdiction in federal court is not based solely on diversity of citizenship, venue may be found in one of three places: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b) (2006). The proper challenge to a plaintiff's chosen venue is made under Fed. R. Civ. P. 12(b)(3).

A Motion to Dismiss for Improper Venue is a defense that must be pled in the first responsive pleading or made by a defendant's motion. Proper venue can be waived, and if not asserted promptly by a defendant, a court will presume it waived. See Am. Patriot Ins. Agency, Inc. v. Mut. Risk Mgmt., Ltd., 364 F.3d 884, 887-88 (7th Cir. 2004). When a defendant challenges proper venue under Rule 12(b)(3), "the plaintiff bears the burden of establishing that venue is proper." Bartholomew v. Va. Chiropractors Ass'n, 612 F.2d 812, 816 (4th Cir. 1979); Call Carl, Inc. v. BP Oil Corp., 391 F. Supp. 367, 370 (D. Md. 1975). If no evidentiary hearing is held, then a plaintiff only need to make a prima facie showing establishing venue. See Mitrano v. Hawes, 377 F.3d 402, 405 (4th Cir. 2004). The court, however, need not accept the

"pleadings as true, as would be required under a Rule 12(b)(6) analysis," and may consider outside evidence. W. Ref. Yorktown, Inc. v. BP Corp. N. Am., 618 F. Supp. 2d 513, 516 (E.D. Va. 2009). If venue is not proper in the judicial district, the court may dismiss the action, or transfer the action to a district where it otherwise could have been brought in the interest of justice. 28 U.S.C. § 1406(a) (2006).

### III. ANALYSIS

Defendant in the present action filed a Motion to Dismiss on the basis of lack of personal jurisdiction, or in the alternative, improper venue. ECF No. 21 at 1. For the following reasons, this Court finds that the Eastern District of Virginia has personal jurisdiction over Defendant and venue is proper, and recommends that the Motion to Dismiss be denied.

Defendant failed to preserve his right to object to personal jurisdiction and venue by not properly objecting in his responsive pleading. Federal Rule of Civil Procedure 12(h) addresses waiving and preserving certain defenses, including lack of personal jurisdiction and improper venue, stating:

> (1) **When Some are Waived.** A party waives any defense listed in Rule 12(b)(2)-(5) by:
> …
> (B) Failing to either
> (i) make it by motion under this rule; or
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

A defendant must object to personal jurisdiction and venue in a pre-answer motion or responsive pleading in order to preserve the defenses.

Under the circumstances of this case, Defendant has waived his right to object on grounds of personal jurisdiction or lack of venue by filing a responsive pleading with the Court in the Eastern District of Virginia and arguing the case on the merits. Lambeth v. Carolina Pers. Co., 358 F. Supp. 2d 484, 486 (M.D.N.C. 2005) (stating that if a jurisdictional objection is

intertwined with the merits, then the district court should uphold the jurisdiction and deny the Motion to Dismiss).

On February 18, 2011, Defendant filed a three and a half page single spaced letter arguing the merits of JTH's claim. ECF No. 10. The letter was not specifically labeled as an Answer when filed with the Court. However, under Federal Rule of Civil Procedure 55, the letter sent from the Defendant can be understood as a responsive pleading. Rule 55 was implemented to help protect defendants from being subject to default judgments. The Rule allows for informal letters from the defendant to be construed as a formal response. See Indymac Mortg. Holdings, Inc. v. Reyad, 167 F. Supp. 2d 222, 234 (D. Conn. 2001) (holding that a *pro se* defendant waived objections to personal jurisdiction by not raising the objection in responses prior to the Motion to Dismiss). Thus, pursuant to Rule 55, the Clerk properly filed the letter as Defendant's Answer.

Although Defendant's Answer argues at length the merits of Plaintiff's Complaint, it at no point raises an objection to venue. Therefore, Defendant waived any objection to improper venue. See Falciani v. United States, 87 F. Supp. 482, 484 (E.D. Pa. 1949) (stating that a defendant waives all objections to venue when he pleads the merits of a case); see also Chesapeake & Ohio Ry. Co. v. Coffey, 37 F.2d 320, 323 (4th Cir. 1930).

Further, the Answer failed to raise the objection of personal jurisdiction in anything but generally vague terms. See Alger v. Hayes, 452 F.2d 841, 843 (8th Cir. 1972) (stating that a general objection to personal jurisdiction is not sufficient to preserve the defense of personal jurisdiction). Defendant's Answer stated that "I no longer have a continuing relationship with the plaintiff and therefore no jurisdiction exists." ECF No. 10 at 1. This vague objection to personal jurisdiction is not specific enough to preserve the personal jurisdiction defense because

it does not differentiate between personal jurisdiction and subject matter jurisdiction. Alger, 452 F.2d at 843. Defendant's failure to differentiate his personal jurisdiction objection from the merits is grounds for waiver. See Lambeth v. Carolina Pers. Co., 358 F. Supp. 2d at 486.

Moreover, Defendant waived any objection to personal jurisdiction and venue by making a general appearance in the case. Defendant made a general appearance by arguing the merits in the Answer and, scheduling conference, via telephone on March 16, 2011.[1] ECF No. 13. See Dow Chem. Co. v. Metlon Corp., 281 F.2d 292, 296 (4th Cir. 1960) (stating that a general appearance amounts to a waiver of personal jurisdiction and improper venue); see also Hager v. Graham, 2010 U.S. Dist. LEXIS 18434, at *7 (N.D. W. Va. Mar. 2, 2010) (stating that the defendant waived his defense of personal jurisdiction because of his active participation in litigation). Defendant waived his right to object to personal jurisdiction and venue by filing a responsive pleading and by making a general appearance before the Court.

## IV. **RECOMMENDATION**

For the above stated reasons, the Court recommends that Defendant's Motion to Dismiss be DENIED.

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this second amended report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by

---

[1] A defendant makes a general appearance when he requests relief or discloses information which goes beyond objecting to jurisdiction. See, e.g., Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972).

6

Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

    2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

                                                                     /s/
                                                   Tommy E. Miller
                                   United States Magistrate Judge

Norfolk, Virginia
June 27, 2011

**CLERK'S MAILING CERTIFICATE**

      A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Christopher D. Davis
Liberty Tax Service
1716 Corporate Landing Pkwy
Virginia Beach, VA 23454
Counsel for Plaintiff

William Houle
Bestax Service
24905 Sunnymead Blvd, #E
Moreno Valley, CA 92553
*Pro Se*

Fernando Galindo, Clerk

By _____
   Deputy Clerk
      June \_\_\_\_, 2011