UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JTH TAX, INC. d/b/a
LIBERTY TAX SERVICE,
        Plaintiff,

v.                                                            ACTION NO. 2:11cv66

WILLIAM HOULE,
        Defendant.

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference dated August 23, 2011.  The case was referred for a report and recommendation on Defendant's Motion to Transfer Venue.  ECF No. 84.  For the reasons stated herein, the Court recommends that Defendant's Motion to Transfer Venue to the Central District of California be GRANTED.

**I.  PROPOSED FINDINGS OF FACT**

    1.     In October 2006, November 2006, and March 2007, Defendant William Houle ("Mr. Houle") purchased three franchises from JTH Tax, Inc. d/b/a Liberty Tax Service ("Liberty").  Murphy Decl. Exs. 1-3, ECF Nos. 93-1, 93-2, 93-3 ("Franchise Agreements").

    2.     The Franchise Agreements signed by Mr. Houle all contain the following language:

> In any suit brought by us, which in any way relates to or arises out of this Agreement, or any of the dealings of the parties hereto, you consent to venue and personal jurisdiction in the state and federal court of the city or county of our National Office, presently Virginia Beach state courts and the United States District Court in Norfolk, Virginia.

Franchise Agreements 14.

3. The franchises were located in Riverside and Moreno Valley, California. Id. at 17.

4. On December 23, 2009, Mr. Houle's Liberty franchises were terminated pursuant to Mr. Houle's bankruptcy petition filed in the Central District of California. Letter of Termination, ECF No. 4-1.

5. As a result of the termination, Mr. Houle was notified that he could no longer use any Liberty trademarks. Id.; Compl. ¶ 12.

6. Liberty contends that on January 21, 2011, Mr. Houle established competing tax preparation businesses in his former Liberty office locations and used Liberty's trademarks in conjunction with these businesses.[1] Compl. ¶¶ 13, 20-25.

7. Mr. Houle asserted during the motions hearing that he did not establish these tax preparation businesses and is merely an employee of the businesses.

## II. PROCEDURAL HISTORY

On February 3, 2011, Liberty filed a Complaint in this Court against Mr. Houle, alleging trademark infringement. ECF No. 1. On May 17, 2011, Mr. Houle filed a Motion to Dismiss asserting lack of personal jurisdiction and improper venue. ECF No. 21. On June 27, 2011, the undersigned recommended that the motion be denied. ECF No. 50. On August 1, 2011, the

---

[1] Liberty contends that in 2010, Mr. Houle also opened competing tax services in the previous Liberty offices. Compl. ¶ 13. Liberty brought action against Mr. Houle, on January 15, 2010, for trademark infringement. Compl. ¶ 15. Mr. Houle filed for bankruptcy under Chapter 7 in the Central District of California on March 3, 2010, prompting Liberty to file a Notice of Voluntary Dismissal on May 20, 2010. Compl. ¶¶ 16-17.

district judge adopted the recommendations set forth in the report, and denied the motion to dismiss. ECF No. 81.

The following day, on August 2, 2011, Mr. Houle filed a Motion to Transfer the Case to the Central District of California.[2] By order of reference entered August 23, 2011, the motion was referred to the undersigned to submit proposed findings of fact and recommendations for the motion's disposition. ECF No. 98. On August 23, 2011, a hearing was held on eight pending motions including the motion to transfer. Mr. Houle appeared pro se, and Christopher D. Davis, Esq., represented Liberty.[3]

After considering the above evidence, and for the reasons stated below, this Court recommends that the Motion to Transfer be GRANTED.

### III. STANDARD OF REVIEW

28 U.S.C. § 1404(a) provides, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (2006). The purpose of the statute is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Cont'l Grain Co. v. Barge F.B.L.- 585, 364 U.S. 19, 26 (1960). It is within the sound discretion of the court to transfer an action pursuant to § 1404(a). See Stewart

---

[2] The Motion to Dismiss was denied due to Mr. Houle's waiving his right to assert improper venue pursuant to Fed. R. Civ. P. 12(b)(3). Such a waiver does not preclude his filing a motion to transfer under 28 U.S.C. § 1404(a) "for the convenience of the parties and witnesses, in the interest of justice." See Leonard v. Mylan, Inc., 718 F. Supp. 2d 741, 744 (S.D. W.V. 2010); Intrepid Potash-New Mexico, LLC v. U.S. Dept. of the Interior, 669 F. Supp. 2d 88, 92 (D.C. Cir. 2009).

[3] On August 25, 2011, the undersigned entered an order stating, "the undersigned will recommend to the United States District Judge that Mr. Houle's Motion to Transfer Venue to the Central District of California (ECF No. 84) be DENIED." ECF No. 101. After further reflection, the undersigned recommends that the motion be granted.

Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Southern Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956).

### IV. ANALYSIS

In deciding Mr. Houle's motion to transfer this case to the Central District of California, the Court must first determine whether this action could have been brought in the proposed transferee court. In a civil action where jurisdiction in federal court is not based solely on diversity of citizenship, venue may be found in one of three places: "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred [], or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b) (2006). The Central District of California is both Mr. Houle's residence (Mot. to Transfer 1, ECF No. 84), and the location of the alleged infringing actions (Compl. ¶¶ 21-24). Accordingly, this case could have been initiated in the Central District of California and may be transferred to that district pursuant to 28 U.S.C. § 1404(a).

Next, the court must balance a number of case-specific factors, Stewart, 487 U.S. at 29, including "(1) ease of access to sources of proof; (2) the convenience of the parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the interest in having local controversies decided at home; (6) in diversity cases, the court's familiarity with the applicable law; and (7) the interest of justice." BHP Int'l Inv., Inc. v. Online Exch., Inc., 105 F. Supp. 2d 493, 498 (E.D. Va. 2000). Mr. Houle bears the burden of demonstrating that transfer is proper. Id. Moreover, "[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely by disturbed."

Collins v. Strainght, Inc., 748 F.2d 916, 921-22 (4th Cir. 1984) (quoting Gulf Oil v. Gilbert, 330, U.S. 501, 508 (1946)).

Liberty is a Delaware corporation with its principal place of business and corporate headquarters in the Eastern District of Virginia. Accordingly, Liberty's choice of forum is entitled to considerable weight. That weight is lessened, however, because none of the allegedly infringing actions giving rise to this complaint occurred in Virginia. See, e.g., Coors Brewing Co. v. Oak Beverage, Inc., 549 F. Supp. 2d 764, 772 (E.D. Va. 2008) (holding "a plaintiff's choice of forum is entitled to substantial weight, which varies according to the connection between the forum and the cause of action"). Mr. Houle is a resident of California, and he asserts that he has not traveled to Virginia for any reason during 2010 or 2011. Mot. to Transfer 2. Mr. Houle argues that requiring him to appear in the Eastern District of Virginia to defend this action would "cause an undue and severe financial hardship" on him. Id. at 2, 7. Liberty counters that transfer to the Central District of California would not reduce the overall burdens on the parties, but only serve to shift the burden to Liberty. Opp. at 4, ECF No. 92. The court would agree with Liberty's assertion if the only factor to be considered was convenience of the parties.

The convenience of the witnesses, cost of obtaining the attendance of witnesses, and availability of compulsory process all weigh in favor of transfer. Mr. Houle identified four potential witnesses[4] he would like to call in his defense, and he briefly stated the nature of their testimony.[5] Mot. to Transfer 6; see Coors Brewing Co. v. Oak Beverage, Inc., 549 F. Supp. 2d

---

[4] Mr. Houle has filed a Renewed Motion to Transfer Venue identifying an additional six witnesses for a total of ten witnesses employed in the Central District of California. Renewed Mot. to Transfer 9. This motion is not currently before the Court, and the additional witnesses are not taken into consideration in this Report and Recommendation.

[5] The Court notes that Mr. Houle did not disclose these witnesses during initial disclosures, or in response to discovery requests.

764, 772 (E.D. Va. 2008) (holding that "the movant must identify the prospective witnesses and specifically describe their proposed testimony to enable the court to ascertain how much weight to give a claim of inconvenience") (internal quotations omitted). These witnesses are employed in the Central District of California, and could not be compelled to attend proceedings in the Eastern District of Virginia pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(ii).[6] Therefore, Mr. Houle would be severely hampered in his ability to present a defense if he could not compel any witnesses to attend a trial in this court.

Liberty "anticipates" calling two witnesses who reside in Virginia to establish damages and testify regarding the investigation of Mr. Houle's companies. Opp'n 4-5; ECF No. 92. Liberty "may" call two additional Virginia residents to authenticate the franchise agreements and testify to Mr. Houle and another witness's attendance at Liberty training. Id. at 5. All of these witnesses are Liberty employees. Therefore, while the cost of producing these witnesses for trial in California is much higher than producing them for trial in the Eastern District of Virginia, they can be compelled to testify as they are currently employed by Liberty. Liberty also contemplates presenting testimony of two California residents at trial and has traveled to California to take those witnesses' depositions. Id. at 6. As the allegedly infringing acts took place in California, it stands to reason that the majority of relevant testimony will come from witnesses residing in California. Consequently, the convenience of the witnesses, cost of obtaining the attendance of witnesses, and, most importantly, availability of compulsory process weigh heavily in favor of transfer to the Central District of California.

---

[6] Federal Rule of Civil Procedure 45(c)(3)(A)(ii) states that, "on timely motion, the issuing court may quash or modify a subpoena that requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(3)(A)(ii).

In reference to the first factor (ease of access to sources of proof), Liberty asserts the majority of the relevant documents, i.e. franchise agreements and training logs, are located in Virginia. Opp'n 7. Liberty admits this fact is not "of great weight," id., and the Court finds it carries almost no weight. These documents are not so voluminous that it would create a burden on Liberty to produce them in California.

The fifth factor (interest in having local controversies decided at home) weighs in favor of transfer, as the alleged trademark infringement occurred in the Central District of California. The sixth factor (the court's familiarity with the applicable law) is only relevant in diversity cases, not in this trademark infringement action.

Lastly, the Court must consider the seventh factor (the interests of justice). Liberty asserts Mr. Houle agreed to venue in the Eastern District of Virginia when he signed three Franchise Agreements to open Liberty tax services in the Central District of California. Opp'n 3; see also Murphy Decl. Exs. 1-3.[7] First, Liberty agrees that the Franchise Agreements were terminated on December 23, 2009. Compl. ¶ 10. Secondly, this action is not a breach of contract action. Counsel for Liberty clearly stated during the motions hearing that this action is purely a trademark infringement action. As such, the action does not fall within the scope of the Franchise Agreements' forum selection clause. See Phillips v. Audio Active Ltd., 494 F.3d 378, 390 (2d Cir. 2007) (holding claims for copyright infringement did not arise out of a recording contract, and were not governed by the contract's forum selection clause). Therefore, Liberty's

---

[7] The Franchise Agreements included the following language:

> In any suit brought by us, which in any way relates to or arises out of this Agreement, or any of the dealings of the parties hereto, you consent to venue and personal jurisdiction in the state and federal court of the city or county of our National Office, presently Virginia Beach state courts and the United States District Court in Norfolk, Virginia.

Franchise Agreements 14.

reliance on the terminated Franchise Agreements to establish venue in this trademark infringement action is misplaced.

Liberty further argues Mr. Houle failed to act "with reasonable promptness" to file a motion to transfer, citing Moore's Federal Practice 3d § 111.17[2][a] (2007) ("a party seeking a change of venue should move with 'reasonable promptness' after the factors favoring a convenience transfer become evident"). The Court finds Mr. Houle did act with reasonable promptness considering he is not represented by counsel in the Eastern District of Virginia. He filed a Motion to Dismiss based on improper venue approximately three months after being served with the complaint, and one day after the final order denying the motion to dismiss he filed the present Motion to Transfer Venue. It does not appear that Mr. Houle purposefully waited to file this motion as "one more delaying tactic" to obstruct "Liberty's day of justice" as asserted by Liberty. See Opp'n 8.

Further, Liberty's argument that the case will be disposed of more expeditiously in this forum is not a compelling argument. "Docket conditions, while a consideration, cannot be the primary reason for retaining a case in this district." Cognitronics Imaging Sys., Inc. v. Recognition Research Inc., 83 F. Supp. 2d 689, 699 (E.D. Va. 2000), citing Schlegel U.K. Holdings Ltd. v. Cooper Tire & Rubber Co., Inc., no. 970522-A, slip op. at 18 (E.D. Va. June 10, 1997).

Therefore, given the reduced deference accorded Liberty's choice of forum, the convenience of the witnesses, the cost of obtaining the attendance of witnesses, the availability of compulsory process, the interest in having local controversies decided at home, and the lack of any connection between the cause of action and this forum, the court concludes that it would serve the interest of justice to transfer this action to the United States District Court for the

Central District of California.

## V. RECOMMENDATION

For the above stated reasons, the Court recommends that Defendant's Motion to Transfer Venue to the Central District of California be GRANTED.

## VI. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this second amended report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

_/s/_____ ____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
September 23, 2011

9

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Christopher D. Davis, Esq.
Liberty Tax Service
1716 Corporate Landing Pkwy
Virginia Beach, VA 23454
Counsel for Plaintiff

William Houle
Bestax Service
24905 Sunnymead Blvd, #E
Moreno Valley, CA 92553
*Pro Se*

                                          Fernando Galindo, Clerk

                              By _____
                                       Deputy Clerk
                                       September ____, 2011